# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JEFFREY E. JAMES,**
**Claimant Below, Petitioner**

**FILED**

May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0108**  (BOR Appeal No. 2052091)
(Claim No. 2014006250)

**EASTERN ARROW CORPORATION, INC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Jeffrey E. James, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Arrow Corporation, Inc., by Timothy E. Huffman, its attorney, filed a timely response.

The issue on appeal whether Mr. James is entitled to a permanent partial disability award for his occupational pneumoconiosis. On January 6, 2016, the claims administrator granted a 10% permanent partial disability award. The Office of Judges reversed the claims administrator in its July 13, 2017, Order and granted a 0% permanent partial disability award. The Order was affirmed by the Board of Review on January 10, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. James has worked as a coal miner or as an equipment operator for thirty years. On March 20, 2012, he submitted an Employee's Report of Occupational Pneumoconiosis stating that he had been diagnosed with occupational pneumoconiosis and that he was last exposed to minute particles of dust for a continuous period of sixty days on June 4, 2009. On March 21, 2012, Afzal Ahmed, M.D., diagnosed simple pneumoconiosis, chronic obstructive pulmonary disease, and thickening of the minor fissure. Spirometry testing that same day showed mild obstructive ventilatory insufficiency.

1

Sam Stewart, D.O., completed a Physician's Report of Occupational Pneumoconiosis on May 3, 2012, in which he diagnosed shortness of breath. He indicated that Mr. James had contracted pneumoconiosis and that he had been suffering from it for five to six years.

On July 30, 2013, Mr. James testified via deposition that he was currently working as an equipment operator running an excavator. He was exposed to rock dust about 90% of the time. He was also exposed to exhaust fumes. His current symptoms included congestion and phlegm. He had no plans to stop working. His claim was held compensable on a nonmedical basis as a presumptive claim on April 28, 2015. [1]

Mr. James testified via deposition for the second time on May 15, 2014. He stated that he was exposed to rock dust on a daily basis from May of 1984 through January 12, 2012. He started working for Eastern Arrow Corporation, Inc., in April of 2005 as an equipment operator and ran the bull dozer, excavator, six-wheel lizard truck, and rock truck. He worked there continuously until June of 2009. Mr. James has been employed as an equipment operator continuously since he stopped working for Eastern Arrow Corporation, Inc., in 2009.

On October 1, 2015, Mr. James was evaluated by the Occupational Pneumoconiosis Board which found sufficient evidence to justify a diagnosis of occupational pneumoconiosis with 10% pulmonary impairment attributable to the disease. It found that Mr. James had been exposed to a dust hazard for thirty years. Mr. James reported a ten year history of shortness of breath and a mild cough or three to four years with productive sputum. X-rays showed a minimal degree of nodular fibrosis consistent with occupational pneumoconiosis. The recommendation for impairment was made, in part, using the March 12, 2012, pulmonary function study from New River Breathing Clinic. The claims administrator granted a 10% permanent partial disability award on January 6, 2016. December 16, 2016, pulmonary function studies showed Mr. James had no impairment when looking at the spirometry or diffusion testing.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on May 17, 2017. Jack Kinder, M.D., reviewed the March 21, 2012, spirometry study from the New River Breathing Center and found it to be valid and reproducible on its face. After adjusting for supra volume, it showed 15% impairment. The Occupational Pneumoconiosis Board's spirometry tests from October 1, 2015, were valid and reproducible. After adjusting for supra volume, it showed no impairment. X-rays revealed a minimal degree of nodular fibrosis. Dr. Kinder opined that the claimant had occupational pneumoconiosis without impairment. Dr. Kinder testified that the Occupational Pneumoconiosis Board would not rely on the March 21, 2012, breathing study to assess impairment because it looks at a two-year span from the date of the examination. In his opinion, a test that was two and a half years old could not be used to assess impairment, as the results of the same types of studies change over time. Bradley Henry, M.D., agreed with Dr. Kinder.

In its July 13, 2017, Order, the Office of Judges determined that a pulmonary function study is one way to determine lung impairment. In order for the testing to be valid, two attempts

---

[1] This decision was not appealed.

must be within 7% of each other. It determined that the reports from the New River Breathing Center and the Occupational Pneumoconiosis Board suggest Mr. James had between 10% to 20% whole person impairment. Those reports, along with Mr. James's history of dust exposure, history of smoking, and x-ray results, tend to favor Mr. James having residual impairment from his occupational exposure. However, the December 16, 2016, pulmonary function studies showed Mr. James had no impairment when looking at the spirometry or diffusion testing. The Office of Judges determined that the most recent testing is normally determined to be the most reliable when looking at impairment. It also determined that the Occupational Pneumoconiosis Board testified it would normally rely upon the most recent diffusion study because if air flow was a permanent problem, it would not improve. The Office of Judges found that the most recent test showed no impairment based upon the diffusion studies. It also found that the Occupational Pneumoconiosis Board's testimony was fair and credible. Therefore, it reversed the claims administrator's decision and granted a 0% permanent partial disability award.

The Board of Review adopted the findings of fact, with slight modifications, and the conclusions of law of the Office of Judges its Order on January 10, 2018. After review, we agree with the reasoning of the Office of Judges as adopted by the Board of Review. Mr. James's most recent testing showed no impairment due to occupational pneumoconiosis. The Board of Review relied on the testimony of the Occupational Pneumoconiosis Board, which they found to be probative and credible, in making that determination. It did not err in doing so.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

3